UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DAVID GALINDO-CLOUD,

           Petitioner,

    v.

ISIDRO BACA, *et al.*,

           Respondents.

Case No. 3:18-cv-00587-HDM-CBC

ORDER

This is a habeas corpus case under 28 U.S.C. § 2254. In accordance with the court's order of February 8, 2019, (ECF No. 8), petitioner has paid the filing fee. Thus, the habeas petition is before the court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The petition indicates that petitioner's judgment of conviction was entered on September 8, 2011, and that he did not file a direct appeal. The petition also indicates that he did not file his first state post-conviction petition until November 2015.

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." So, in the present case, the limitation period began running after the time expired for taking a direct appeal, i.e., Monday, October 10, 2011. Absent tolling or delayed accrual, the limitation period expired one year later on October

10, 2012.

Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. However, if a state court determines the collateral challenge was not timely filed under state law, the collateral challenge is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). In other words, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414 (citation omitted). Also, once a state post-conviction proceeding pursuant a properly filed application has concluded, the statutory time period resumes running.

Even allowing that petitioner's first state post-conviction petition was properly filed for this purpose, however, it appears that the federal limitation period expired more than three years before that petition was filed. Petitioner therefore must show cause in writing why the petition should not be dismissed with prejudice as time barred.

In this regard, petitioner is informed that the one year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

In addition, under certain circumstances, the one year limitation period may begin running on a later date or, as mentioned, may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B-D) & (d)(2). Barring a preliminary demonstration by the petitioner that his petition may be

timely under the foregoing principals, this court will dismiss the petition with prejudice. *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) ("[D]ismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims.").

Petitioner has also filed a motion for appointment of counsel and a motion for stay and abeyance. Pursuant to 18 U.S.C. §3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The petition on file in this action is sufficiently clear in presenting the issues that petitioner wishes to bring. Also, the issues in this case are not particularly complex. It does not appear that appointment of counsel is warranted in this instance. Petitioner's motion for the appointment of counsel will be denied.

Petitioner also seeks stay and abeyance pending exhaustion under *Rhines v. Weber*, 544 U.S. 269 (2005). However, a habeas petition must be timely for a *Rhines* stay to be warranted. *See Rhines*, 544 U.S. at 277 (stay is not warranted "when the unexhausted claims are plainly meritless"); *King v. Ryan*, 564 F.3d 1133, 1140–41 (9th Cir. 2009) (discussing need for dismissed claims to be timely before they may be reasserted following a stay). Put another way, it would be futile to grant a stay of a petition that is untimely now and will still be untimely when any stay might be lifted. As such, the court will deny petitioner's stay request without prejudice pending a determination on the timeliness of his petition.

IT IS THEREFORE ORDERED that the Clerk shall file the habeas petition and motion for appointment of counsel currently docketed as attachments at ECF No. 1. The Clerk shall also

add Aaron D. Ford, Attorney General of the State of Nevada, as counsel for respondents, and electronically serve a copy of the petition and this order upon the respondents.

IT IS FURTHER ORDERED that, within 30 days of entry of this order, petitioner shall show cause in writing why the petition should not be dismissed with prejudice as time barred.[1] If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time barred without further advance notice. If petitioner responds but fails to show -- with specific, detailed and competent evidence -- that the petition is timely, the action will be dismissed with prejudice.

IT IS FURTHER ORDERED that all assertions of fact made by petitioner in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

IT IS FURTHER ORDERED that the respondents' counsel shall enter a notice of appearance within 20 days of the entry of this order but need take no further action in the case unless and until the court so orders.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel is DENIED.

IT IS FURTHER ORDERED that petitioner's motion for stay and abeyance (ECF No. 10) is DENIED without prejudice.

DATED:  June 3, 2019.

_Howard D. McKibben_
_____
UNITED STATES DISTRICT JUDGE

---

[1] This order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies.

4