UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID GALINDO-CLOUD, | Case No. 3:18-cv-00587-HDM-CBC |
| Petitioner, | ORDER |
| v. | |
| ISIDRO BACA, *et al.*, | |
| Respondents. | |

This is a habeas corpus case proceeding under 28 U.S.C. § 2254. On June 3, 2019, this court entered an order directing petitioner to show cause why this action should not be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d). ECF No. 11. On July 16, 2019, petitioner filed his response to that order. ECF No. 16.

In his response, petitioner claims that he is entitled to equitable tolling because his "competency has been in question throughout the proceedings, before and after the judgment of conviction." *Id*, p. 3. He also claims he lacked access to legal materials while detained at a mental health facility, that he was heavily medicated while incarcerated in a county jail, and that, while on probation, his use of methamphetamine induced psychosis. In addition, petitioner alleges he can demonstrate his actual innocence.

Equitable tolling is appropriate only if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the

rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Even accepting his allegations as true, petitioner fails to demonstrate that he is entitled to equitable tolling that would render his petition timely. Petitioner=s judgment of conviction was entered on September 8, 2011, and imposed a suspended sentence of 10 to 25 years. Petitioner did not file a direct appeal, so the limitation period began running when the time expired for taking a direct appeal, i.e., Monday, October 10, 2011. *See* Nev. R. App. P. 4; 28 U.S.C. § 2244(d)(1)(A). Based on evaluations from court-appointed psychologists, the state district court in a different case adjudicated petitioner incompetent in November 2011 and committed him to Lake's Crossing Center for treatment. ECF No. 12, p. 60-71. In March 2012, however, the same court declared him competent to stand trial in that case.

According to petitioner, he was then confined in the Washoe County jail until March 7, 2013, when he was released on probation. Based on his allegations, this is when petitioner began abusing methamphetamine, which induced psychosis. After numerous probation violations in the following 20 months, the state district court revoked petitioner's probation on December 1, 2014, and ordered that he serve the original sentence that had been suspended.

Although petitioner timely appealed the probation revocation, he waited until November 12, 2015, to initiate state post-conviction proceedings challenging his underlying 2011 conviction. Because the post-conviction petition was filed more than four years after entry of the judgment of conviction, the Nevada Court of Appeals concluded, in an order entered on June 28, 2018, that the petition was procedurally barred as untimely.[1] Petitioner constructively filed his

---

[1] The order can be found by entering case number 73727 in the Appellate Case Management System for the Nevada appellate courts. https://nvcourts.gov/Supreme/How_Do_I/Find_a_Case/

1 petition in this case on December 4, 2018. ECF No. 12, p. 1.

2 Giving petitioner the benefit of the doubt with respect to his time spent at Lake's Crossing and in the Washoe County jail, he still fails to show that he is entitled to equitable tolling beyond March 7, 2013, the date his probation was reinstated. The only impediment identified by petitioner after that date is his use of methamphetamines that, according to him, induced psychosis. In this court's view, this was not an extraordinary circumstance beyond petitioner's control. *See Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (formulating a two part test for eligibility for equitable tolling due to mental impairment). In addition, petitioner has not proffered evidence that his methamphetamine use was "so severe" that it rendered him unable to understand the need to timely file or unable to prepare a habeas petition and effectuate its filing. *Id*.

Also, petitioner's use of methamphetamine presumably stopped when his sentence was imposed on December 1, 2014, yet he waited until November 12, 2015, to initiate state post-conviction relief proceedings. Then, he delayed another four months after his state petition was ultimately rejected by the Nevada appellate courts before he initiated this proceeding.[2]

As an additional or alternative ground for equitable tolling, petitioner contends that he is actually innocent of the crime for which he stands convicted. A federal court may entertain an untimely claim if a petitioner makes a showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To qualify for the equitable exception to the timeliness bar based on actual innocence, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 569 U.S. at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, petitioner contends that the Nevada State Board of Pharmacy did not follow Nevada law in classifying methamphetamine as a Schedule I, instead of a Schedule II, controlled substance. Accordingly, he argues that, despite his guilty plea, he did not commit the crime of trafficking in a Schedule I controlled substance. Be that as it may, this court is not permitted to

---

[2] In any case, petitioner is not entitled to statutory tolling for the period the state proceedings were pending because the state petition was dismissed as untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

3

instruct the State of Nevada how to administer its criminal laws. *See Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) ("[T]he responsibility for ensuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business."). Petitioner has not established that "a constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted).

Because petitioner has failed to establish that he may be entitled to equitable tolling and has not disputed the time calculations set forth in the court's order to show cause (ECF No. 11), his petition shall be dismissed as untimely under 28 U.S.C. § 2244(d).

IT IS THEREFORE ORDERED that this action is DISMISSED with prejudice as untimely. The Clerk of Court shall enter judgment accordingly.

IT IS FURTHER ORDERED that petitioner is denied a certificate of appealability.

IT IS FURTHER ORDERED that petitioner's motion for extension of time (ECF No. 15) is GRANTED *nunc pro tunc* as of June 27, 2019.

DATED: October 16, 2019.

_____
UNITED STATES DISTRICT JUDGE